FILED

2015 JUL 23 PM 3: 27

TH

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JACKSON aka ROBERT ANDERSON,<br><br>                                  Petitioner,<br>vs.<br><br>ERIC ARNOLD, Warden; and MATTHEW CATE, Secretary;<br>                                 Respondents. | Case No.: 14-cv-505-BEN (NLS)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITION** |

On March 5, 2014, Petitioner Robert Jackson, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) Respondents filed an Answer and Petitioner filed a Traverse. (Docket Nos. 8, 10.) On August 11, 2014, the Magistrate Judge issued a thorough and thoughtful Report and Recommendation, advising the Petition be denied. (Docket No. 11.) On September 24, 2014, Petitioner filed Objections to the Report. (Docket No. 14.) For the reasons stated below, the Report and Recommendation is **ADOPTED**.

## BACKGROUND

According to the California Court of Appeals, the facts are as follows:

1

On October 5, 2011, Petitioner was found guilty of residential burglary and robbery. In September 2010, Clifton and Ledesma Broadhurst saw an intruder in their home whom they described as an African American male, six feet four inches to six feet five inches tall, slender, with short curly hair, no facial hair, and wearing a white polo shirt with red and black stripes. The man shoved Clifton and grabbed Ledesma by the wrists and threw her to the ground. Ledesma's wallet containing $30 was missing.

Other witnesses described the man as an African American in a striped shirt who appeared to be in his twenties due to his build and agility and about five feet nine to ten inches tall. Less than a mile from the Broadhurst home a polo shirt with vertical red, blue, white and green stripes was found with fresh sweat on it; Ledesma's wallet was found another ten feet away. Both items contained blood that matched Petitioner's DNA profile. Officer Barton originally testified that he collected these items into one bag but later changed his testimony to two separate bags because his handwriting was on two bags. Clifton and Officers Thomas and Woodland corroborated this, but Ledesma thought the items were in one bag. Officers tracked down William Harrell who had an outstanding arrest warrant. Clifton was confident that Harrell was not the intruder, but Ledesma was uncertain. Harrell's DNA profile did not match the blood from the shirt or the wallet.

In his petition, Petitioner asserts the following claims: (1) insufficient evidence to support the verdict in violation of the Fourteenth Amendment; and (2) cruel and unusual punishment under the Eighth Amendment. The Report concluded that there was sufficient evidence to identify Petitioner as the perpetrator and to support his conviction. The Report also concluded that the sentence was not grossly disproportionate because Petitioner had the possibility of parole. Petitioner also had a long history of violence and recidivism and the state is justified in punishing recidivists more harshly than first time offenders.

In his Objection, Petitioner argues that there is insufficient evidence to support a beyond-a-reasonable-doubt verdict because no one specifically identified him as the

perpetrator, another man in the area fit the description given by the witnesses, and the DNA from his shirt could have contaminated the wallet. Also, Petitioner objects to the claim that he is a violent person.

## STANDARDS OF REVIEW

Federal Rule of Civil Procedure 72(b) provides the standard of review for a magistrate judge's report and recommendation to which objections have been made. It states, "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See* 28 U.S.C. 636(b)(1).

A writ of habeas corpus shall not be granted unless the adjudication on the merits in the state court proceeding resulted in a decision that was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the U.S." or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1).

## DISCUSSION

The Court has reviewed the record in this case and addresses Petitioner's objections in turn.

### I.  Sufficiency of the Evidence

Petitioner objects to the Report's conclusion that the state court decision did not contradict or unreasonably apply clearly established federal law when it held that there was sufficient evidence to support a finding of guilt beyond-a-reasonable-doubt. Petitioner states that there is reasonable doubt because Petitioner does not match the description given by the witnesses, none of the witnesses specifically identified him as the perpetrator, another man in the area fit the description, and the DNA from his shirt could have contaminated the victim's wallet that was found nearby. Petitioner argues that "where the proven facts are susceptible to inconsistent inferences, and do not convincingly establish the defendant's guilt, the prosecution <u>has not</u> proven its case

beyond a reasonable doubt and the judgment of the conviction cannot stand." (Obj. to R&R at 4.)

To determine whether the evidence is sufficient to support a finding of guilt beyond-a-reasonable-doubt, the question facing the appellate court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The proper inquiry is not whether the facts are susceptible to inconsistent inferences on review, as Petitioner argues, because the reviewing court must give deference to the jury's findings and cannot reweigh the evidence and draw different conclusions. Bruce v. Terhune, 376 F.3d 950, 957-58 (9th Cir. 2004). In evaluating whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, the reviewing court must consider all of the evidence admitted at trial, even if admitted erroneously. McDaniel v. Brown, 558 U.S. 120, 123-130 (2010) (Supreme Court held that the appellate court's focus on testimonial inconsistencies was a failure to view the evidence in the light most favorable to the prosecution; the DNA evidence should have been considered even if admitted erroneously; and direct identification by the witness was not necessary given the vast amount of DNA and non-DNA evidence against the defendant). The sole function of federal habeas courts is to determine whether the state appellate court's application of *Jackson* to the facts of this case is reasonable.

The appellate court found that the descriptions given by all the witnesses were similar and substantially matched Jackson because he was a tall African American male wearing a striped polo. Although Petitioner does not match the age description, this estimate was based on Petitioner's speed and agility. A striped polo matching the witnesses' descriptions was found less than a mile from the victim's home along with the victim's wallet. Both items contained Petitioner's blood. The probability that another person would have the same DNA profile was one in four septillion African Americans. The court of appeal also found that it was reasonable to conclude that the DNA from the

shirt did not contaminate the wallet because Officer Barton testified that he placed these items in two separate bags. Testimonies given by Clifton and Officers Woodland and Thomas corroborated this. Finally, Clifton testified that he was positive that the other man in the area, William Harrell, was not the intruder he saw in his home. The appellate court also held that direct identification by a witness was not necessary given the amount of evidence inculpating Petitioner.

After viewing the evidence in the light most favorable to the prosecution, the appellate court found that there was sufficient evidence to establish guilt beyond a reasonable doubt. The court of appeal's application of *Jackson* was not "objectively reasonable" because the witness testimony and DNA evidence supports the guilty verdict and "*any* trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319. Therefore, deference is owed to the appellate court decision and petitioner's claim does not support issuing a writ.

## II. Eighth Amendment Proportionality

Petitioner objects to the Report's conclusion that the state court decision did not contradict or unreasonably apply clearly established federal law when it held that Petitioner's sentence was not grossly disproportionate. Petitioner argues that his sentence of 46 years-to-life is grossly disproportionate because he is not violent, the sentence is equivalent to a life sentence, and it should be mitigated by consideration of his drug addiction.

According to clearly established federal law, a narrow gross disproportionality principle applies to sentences for noncapital cases. Lockyer v. Andrade, 538 U.S. 63, 72 (2003). This principle is only applicable in "exceedingly rare" and "extreme" cases. Id. at 77. The Supreme Court set out guidelines for this principle's limited application. First, habeas courts tend to uphold state court sentences because state legislatures are given broad discretion to set prison terms and substantial deference is owed to them. Id. at 76. Second, the possibility of parole, no matter how slim, is enough to save a sentence from being disproportionate. Rummel v. Estelle, 445 U.S. 263, 281 (1980). Third,

5

consideration of mitigating factors such as drug addiction is not required for noncapital cases. Harmelin v. Michigan, 501 U.S. 957, 995 (1991). Fourth, crimes are considered less serious only when there is no violence or threat of violence involved. Solem v. Helm, 463 U.S. 277, 278 (1983). Finally, strict proportionality is not required. Harmelin, 501 U.S. at 959.

The appellate court found that Petitioner is violent given his long history of violence and recidivism. Petitioner's current crime involved shoving Clifton and grabbing Ledesma by the wrists and throwing her to the ground. The record is clear that this was not Petitioner's first violent offense. Petitioner admitted that he committed other violent acts such as striking a police officer and domestic violence against his girlfriend. Therefore, it was reasonable for the appellate court to conclude that Petitioner is violent. The appellate court also found that Petitioner's sentence is not equivalent to a life sentence despite the fact that he was 55 years old at the time of sentencing because Petitioner was given the legal possibility of parole. *See* Andrade, 538 U.S. at 68 (Supreme Court upheld two life sentences for petty theft of videotapes because sentence included the legal possibility of parole after 50 years). Finally, the appellate court found that petitioner's drug addiction is irrelevant in this noncapital case.

The decision of the state court to sentence Petitioner to 46 years-to-life with the possibility of parole is not contrary to, or an unreasonable application of, clearly established federal law because the court's findings support the sentence. Therefore, it was not objectively unreasonable for the court of appeals to affirm Petitioner's sentence. Deference is owed to the appellate decision and petitioner's claim does not support issuing a writ. Therefore, the objections are overruled, the Report & Recommendation is adopted, and the Petition for a Writ of Habeas Corpus is denied.

### III. Certificate of Appealability

A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(1). This standard is "relatively low" because it does not require the petitioner to show that he

should prevail on the merits. Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002). To meet the standard, petitioner must only demonstrate one of the following: (1) the issues are debatable among jurists of reason; (2) a court could resolve the issues in a different manner; or (3) the questions are adequate to deserve encouragement to proceed further. Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000). Petitioner has not made a substantial showing of the denial of a constitutional right on his claims because according to clearly established federal law, no court could resolve the issues in a different manner and the issues are neither debatable nor adequate to proceed further. Therefore, the issuance of a certificate of appealability is denied.

## CONCLUSION

After full consideration of the Report and Recommendation, Petitioner's Objection, and the record in this matter, this Court **ADOPTS** the Report and Recommendation. The Petition is **DENIED**. The Court **DENIES** a certificate of appealability. The Clerk of Court shall enter judgment denying the Petition.

**IT IS SO ORDERED**

Dated: July 23, 2015

HON. ROGER T. BENITEZ
United States District Judge

7

14-cv-505-BEN (NLS)